LAW LIBRARY

IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,                    )     CRIMINAL CASE NO.: CF0558-13
                                   )
    vs.                            )     **DECISION & ORDER**
                                   )     **(Motion for Release to**
DYLAN BEAU FEJERANG,               )     **Third Party Custodians)**
                                   )
                        Defendant. )
_____)

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on November 4, 2013 as a Motion Hearing on Dylan Beau Fejerang's ("Defendant") Oral Motion to Release to Third Party Custodians ("Motion") made at Defendant's Arraignment on October 30, 2013. The People of Guam (the "People") were represented by Assistant Attorney General Gerald Henderson and Defendant was represented by Attorney Jay Arriola.

Upon considering the Motion and the suitability of Defendant's proposed third party custodians, and the applicable law, the Court **DENIED** the Motion to Release from the bench and now issues this written Decision pursuant to 8 GCA § 40.50(a).

## FACTUAL AND PROCEDURAL HISTORY

Defendant is charged with one (1) count of Second Degree Robbery (As a 2nd Degree Felony) with a Special Allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony and one (1) count of Theft (As a 2nd Degree Felony). Defendant orally made this Instant Motion for Release to Third Party Custodians at his Arraignment on October 30, 2013. The Court heard oral argument on the Motion on November 4, 2013 and Defendant also presented two proposed third party custodians. The Court denied the Motion from the bench and now issues this written Decision and Order as required under 8 GCA § 40.50(a).

//

## LAW AND ANALYSIS

Title 8 GCA § 40.15 states that "[t]he judge shall order the person charged to be released on recognizance, unless the judge determines, in [her] discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." The non-exhaustive factors under § 40.15 for the Court to consider in determining if a defendant presents a substantial risk of nonappearance or is a danger to any other person in the community include:

a. The length of his residence on Guam;

b. His employment status and history and his financial condition;

c. His family ties and relationships;

d. His reputation, character and mental condition;

e. His prior criminal record; if any, including any record or prior releases on recognizance or on bail;

f. The identity of reasonable member of the community who will vouch for his reliability;

g. The nature of the offense charged, the apparent possibility of conviction and the likely sentence insofar as these factors are relevant to the risk of nonappearance;

h. The danger the person would pose to the community or to any individual member thereof if released; and

i. Any other factors which bear on the risk of willful failure to appear.

If the Court finds that release on his own recognizance would not assure a defendant's appearance or would present a danger to any other person, the Court may still permit release but subject to certain conditions under 8 GCA § 40.20:

a. Placement of the person in the custody of a designated person or organization agreeing to supervise him/her and to assist him/her in appearing in Court;

b. Placement of restrictions on the activities, movements, associations and residence of the person;

c. Execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

d. Release of the person during working hours, but with the condition that he/she return to custody at specified times; or

e. Any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

Upon consideration of the 8 GCA § 40.15 factors the Court finds that Defendant faces serious charges and would face additional prison time for the special allegation of possession or use of a deadly weapon. In addition, Robbery is a crime of violence and Defendant poses a danger to the community. Despite these factors, the Court would be willing to release Defendant to appropriate third party custodians based upon his ties to the community and subject to conditions under 8 GCA § 40.20. However, the proposed third party custodians have been found inappropriate by Probation. Proposed third party custodians are the Defendant's parents and they have served as third party custodians previously for the Defendant's brother. In that other case (CF0071-11), Defendant's brother violated the terms of his release twice while under the custodianship of his parents. This prior history does not assure the Court that the proposed third party custodians are able to ensure Defendant will appear in Court when required or will meet the other conditions of pre-trial release. Finally, the proposed third party custodians also own three firearms in the house in which Defendant would reside if released.

The Court finds that there is a substantial risk that Defendant would not appear for further court proceedings or can be supervised to comply with the conditions of pre-trial release and poses a danger to others and the community. Consequently, the Court cannot release Defendant pending the resolution of his case. Detention at this time is not intended to punish the Defendant, but it is the least onerous condition for ensuring Defendant's continued appearance in court.

Based on the above, Defendant's Motion is **DENIED**.

**IT IS SO ORDERED** this _23_ day of January 2014.

**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

1-23-14

Jesse C. Franquez
Deputy Clerk, Superior Court of Guam